# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1703

_____

United States of America

*Plaintiff - Appellee*

v.

Franklin Bell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2025
Filed: July 17, 2025
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Franklin Bell was arrested following his involvement in narcotics trafficking, firearms trafficking, and a shooting that targeted rival traffickers during which an innocent bystander was killed. This court has described the underlying facts in more detail in *United States v. Reeves*, No. 24-1548, ___ F.4th ___, slip op. at 2-5 (8th Cir. July 17, 2025). As relevant here, Bell pleaded guilty to five counts of possession

with intent to distribute fentanyl, *see* 21 U.S.C. § 841(a)(l) and (b)(1)(C); two counts of possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(i); and one count of conspiracy to distribute and possess with intent to distribute fentanyl, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 846. As part of the plea agreement, the Government agreed to dismiss one count of possession of a firearm in furtherance of a drug trafficking crime resulting in death, *see* 18 U.S.C. § 924(c)(1)(A) and (j)(1). The parties agreed to jointly recommend an aggregate sentence of 240 months' imprisonment. The plea agreement also contained an appeal waiver in which Bell waived, *inter alia*, his right to appeal all non-jurisdictional and non-sentencing issues. He also waived his right to appeal sentencing issues if the district court sentenced him to a prison term at or below the joint recommendation of 240 months. The district court[1] sentenced him to 240 months' imprisonment, followed by 60 months' supervised release, and monetary penalties totaling $9,890.16.

Bell appeals the district court's acceptance of his guilty pleas. As a threshold matter, he argues that the appeal waiver should not bar his appeal because he did not enter into the plea agreement voluntarily in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Assuming that the appeal waiver is not valid and applicable, Bell contends that his guilty pleas lacked adequate factual bases and that the district court impermissibly engaged in plea negotiations.

We must first determine the validity and applicability of the appeal waiver, which we review *de novo*. *See United States v. Williams*, 81 F.4th 835, 839 (8th Cir. 2023) (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc)). We enforce an appeal waiver when the defendant knowingly and voluntarily entered into both the plea agreement and the appeal waiver, the attempted appeal falls within the scope of the appeal waiver, and enforcing the waiver would not result in a

---

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

miscarriage of justice. *Id.* If each of these conditions are met, we must dismiss the appeal. *Id.*

Each condition for enforcing the appeal waiver is met here. Although Bell contends that Rule 11 violations on the part of the district court impacted the voluntariness of his plea agreement, the record indicates that he entered into it knowingly and voluntarily. At his change of plea hearing, Bell stated multiple times that he understood the ramifications of his guilty pleas and confirmed his desire to enter into the plea agreement. Bell also affirmed that he had reviewed the plea agreement—including his waiver of appeal rights—with his attorney, and that he understood the terms. The agreement, and the appeal waiver, were thus entered into knowingly and voluntarily. *See United States v. Henry*, 106 F.4th 763, 771 (8th Cir. 2024) (per curiam), *cert. denied*, 145 S. Ct. 1102 (2025). Bell's challenges on appeal to non-jurisdictional and non-sentencing issues fall within the scope of the waiver. And Bell's challenges do not fall within any of the "limited contexts" in which we have found that a miscarriage of justice warrants overriding a waiver. *See Williams*, 81 F.4th at 840 (recognizing a "narrow" "miscarriage-of-justice exception" for "challenges to an illegal sentence, to a sentence that violates the terms of an agreement, and where ineffective assistance of counsel rendered the appeal waiver itself unknowing and involuntary"). Taken together, Bell's appeal waiver is valid and applicable to the instant appeal. Accordingly, we dismiss the appeal.

_____